UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>vs.<br>**SHAWN HERMAN MCGEE,**<br>Defendant. | CASE NO. 4:15-cr-00349-YGR<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br>Re: Dkt. No. 38 |

Defendant Shawn Herman McGee is currently in the custody of the Bureau of Prisons ("BOP") and incarcerated at the United States Petitionary in Victorville, California ("USP Victorville"). McGee moves for an order reducing his sentence to time served pursuant to 18 U.S.C. section 3582(c)(1)(A).

The Court has jurisdiction to grant the relief requested[1] and, having carefully considered the papers and evidence submitted in support of the motion and the presentencing report provided by U.S. Probation, the Court **DENIES** the motion.

**DISCUSSION**

On April 7, 2016, McGee pled guilty to a violation of 18 U.S.C. section 2113(a) (armed bank robbery). On August 18, 2016, the Court sentenced McGee to a term of imprisonment of 144 months in the custody of the Bureau of Prisons ("BOP") and 3 years of supervised release.

---

[1] The Court has jurisdiction given that 30 days have elapsed since McGee submitted a request for compassionate release on September 23, 2020 to the warden at USP Victorville.

(Dkt. No. 34.)  The BOP's website reflects McGee's release date as September 1, 2025.[2]

Section 3582 provides that a "court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant."  18 U.S.C. § 3582(c)(1)(A).  After considering the sentencing factors from 18 U.S.C. section 3553(a) "to the extent that they are applicable," a court may grant a motion to reduce a sentence under two circumstances, one of which is "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id*. § 3582(c)(1)(A)(i).

With respect to whether an "extraordinary or compelling reason" justifies release, McGee argues that he is particularly vulnerable to contracting and becoming seriously ill from the ongoing coronavirus disease (COVID-19) pandemic.  McGee points out that he is a 56-year-old man who suffers from chronic obstructive pulmonary disease.  The medical records would support a finding of an "extraordinary or compelling reason" for McGee's release.

However, the Court considers the totality of the circumstances.  The Court has reviewed its file in this matter thoroughly, including the Probation Office's presentencing report submitted at the time.  The Court takes into account whether the defendant is a danger to the safety of any other person or to the community, as provided in 18 U.S.C. section 3142(g), including: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) criminal history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by release.  18 U.S.C. § 3142(g).

The Probation Office's presentencing report details McGee's lengthy criminal history.  In short, over the course of several decades, McGee has been convicted of multiple drug trafficking charges as well as of separate charges of burglary, robbery, and firearm possession in addition to having pled guilty to the armed bank robbery charge in this specific matter.  Thus, the nature and circumstances of his most recent offense, in addition to his criminal history, counsels against defendant's early release as he would pose a danger to the community.  Accordingly, the specific

---

[2] *See* https://www.bop.gov/inmateloc/ (last visited February 2, 2021).

facts of this case weigh against any granting of this motion.

For the foregoing reasons, defendant's motion to reduce sentence is **DENIED**.

This Order terminates Docket No. 38.

**IT IS SO ORDERED.**

Dated: February 4, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**